Tlie defendant made a purchase of certain lands, of part whereof the plaintiff had a lease for years, which was not recorded. The defendant had notice of this lease before his purchase ; yet he brought an ejectment and had judgment at law, and this bill was brought to be relieved against that judgment, and to establish the lease against the defendant; in regard he had notice of it, and so he was not deceived, but with respect to him it was the same as if it had been recorded. To this bill the defendant demurred; and to support the demurrer, it was argued that, by the act of Assembly, 8 Geo. 2, c. 6, this lease not being recorded, was void as to a purchaser. The words of the act are to this purpose, ! All deeds, Sic. whether for passing freehold, or lease for years not recorded, shall be void as to all creditors a'nd subsequent purchasers.’ It is a rule that equity never decrees against an act of Parliament, which indeed w'ould be transferring the legislative power, It is true this act was made to prevent purchasers being deceived, and here the purchaser had notice, and so could not be deceived. But I answer, the act has made all deeds not recorded void, and there is no exception where the purchaser has notice ; and as the act makes no exception, neither can a court of equity. This notice can never make that good which the act has declared void ; besides the defendant might think he might safely purchase notwithstanding the lease, as the act had declared it void, and .that is the truth. In this view it must bring a strange hardship upon the purchaser ; he is informed of an encumbrance, takes advice of a lawyer who tells him the encumbrance cannot affect him because the act had declared it void, and yet afterwards this encumbrance shall be set up under pretence of notice. There is no instance of this in law, but there are cases exactly parallel against it. By die stat. 27. of Eliz. 4. against fraudulent conveyances, it is enacted that all deeds made to defraud or deceive purchasers shall be void. This is very like our act. All deeds not recorded shall be void. A man makes a .purchase, and has notice before, of a deed that: was fraudulent within this statute, and it was adjudged that he should avoid the fraudulent deed, notwithstanding the notice, for this reason, because the act had by express words made it void, and this notice could not make: that good which the act had: declared void. Sanden’s case, cited in Gooches. 5, Co. C. b. The *72 case of Porter* and Jones was much harder than this, for there was a purchaser for valuable consideration without any kind of remedy j whereas the plaintiff may have remedy for damages against Thompson. But there the court would not relieve, because this very act had declared the deed was not binding. The hardship can never induce the court to decree against a positive law. Besidhs thé hardship is not so great, as there is a remedy against Thompson ; and the hardship may be greater upon the purchaser, who has paid the full value of the land upon a supposition that the plaintiff’s lease; was void, and who purchased under the sanction of the-act. : •
-The demurrer was allowed, and the hill dismissed with costs.
Reported by Edward Barraclali? Esq.

 Ante, 62.